RAYMOND H. COLES et al., Respondents, v. MASTERPLANNED! INC., Appellant, et al., Defendants.— Appeal from that part of an order of the County Court of Ulster County which granted plaintiff's motion to strike out the answer of the defendant Masterplanned! Inc., and denied the cross motion of Masterplanned! Inc., to dismiss the complaint. The action was brought to foreclose a mortgage executed by Masterplanned! Inc., to the plaintiffs in the sum of $58,400. The answer admits the execution and delivery of the mortgage and asserts two affirmative defenses: (1) lack of the necessary consent of two thirds of the stockholders to the execution of the mortgage; and (2) lack of consideration. The essentials of the undisputed facts will be stated briefly. The three individual plaintiffs were the owners of all the capital stock of Kingston-Ulster Airport, Inc. They entered into a written agreement with Masterplanned! Inc., whereby the plaintiffs were to sell all of such stock to Masterplanned! Inc., for $80,000, payable $21,600 in cash and the mortgage here involved

to secure the balance. Masterplanned! Inc., agreed to dissolve the Airport corporation and cause its real estate to be transferred to Masterplanned! Inc., which was done. The agreement provided for the mortgage here involved, and provided that the stockholders' consent be furnished. Such a stockholders' consent was actually furnished, but it ran to the Kingston-Ulster Airport, Inc., instead of to the plaintiffs. At the time the real estate was conveyed to Master-planned! Inc., Morris Back, the president and owner of 90% of the stock of Masterplanned! Inc., executed the mortgage here involved. Under the circumstances here Kingston-Ulster Airport, Inc., was really the alter ego of the three plaintiffs who wholly owned it. All as a part of one transaction, appellant Masterplanned! Inc., received a conveyance of all of the real estate owned by Kingston-Ulster Airport, Inc., and its president and owner of 90% of its stock, executed this mortgage. Clearly appellant Masterplanned! Inc., received a valuable consideration pursuant to a written agreement with the plaintiffs. The fact that the conveyance actually ran from Kingston-Ulster Airport, Inc., is of no consequence under the very agreement of the parties. In view of the fact that a stockholders' consent was actually executed but for some unexplained reasons ran to Kingston-Ulster Airport, Inc., instead of to the plaintiffs, and in view of the further facts that the mortgage was actually executed by the owner of 90% of the stock of Masterplanned! Inc., the consent of two thirds of the outstanding stock of Masterplanned! Inc., was actually given. Moreover, under the circumstances here, this was clearily a purchase-money mortgage given to secure the major part of the purchase price pursuant to a previous agreement with the plaintiffs, and hence no stockholders' consent was necessary by the express terms of section 16 of the Stock Corporation Law. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.